**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SEAN PAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-623-DDN |
| | ) |
| CHRIS BEARD, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Sean Page, an inmate at Ozark Correctional Camp, for leave to commence this action without payment of the required filing fee.    Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.    To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-

specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Detective Beard of the Wright City, Missouri Police Department arising out of an alleged wrongful search and seizure, which plaintiff states was racially motivated.

Plaintiff states that on October 15, 2019 he was a passenger in a car being driven by Heather Richardet. Detective Beard pulled over Ms. Richardet for a traffic violation. Ms. Richardet consented to a search of her vehicle, and plaintiff states Detective Beard located two purses. Another passenger in the car, Ashley Fisher, claimed possession of the purses and consented to search. Inside one purse, Detective Beard found a glass pipe with drug residue, four hypodermic needles (one containing a substance), and a metal spoon. Plaintiff states that Ms. Fisher admitted

to having the pipe and one of the needles, but she said the rest of the drug paraphernalia belonged to plaintiff.   Detective Beard arrested Ms. Fisher and plaintiff for possession of a controlled substance.

Plaintiff states that when Detective Beard placed him under arrest, Detective Beard said he had found a glass pipe on the seat within plaintiff's reach.   Plaintiff states, however, that all the drug paraphernalia including the glass pipe was found in Ms. Fisher's purse and that Ms. Fisher admitted possession of the pipe.   "As you see this is a wrongful arrest and a police officer abuse of power and I feel racism played a part being I was the only black person in the car."   Plaintiff states that Detective Beard "clearly lied to why I was being arrested."

For relief, plaintiff seeks damages for pain and suffering and asks the Court to "subpoena all audio and video of the traffic stop."

### Discussion

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

On January 8, 2020, plaintiff pled guilty in Warren County Circuit Court to one count of unlawful possession of drug paraphernalia arising out of the traffic stop on October 15, 2019.   *See State v. Page*, No. 19AA-CR00413-01 (12th Jud. Cir. Jan. 8, 2020).   He was sentenced to pay a

fine in the amount of $100.   *Id.*   Plaintiff has not brought any appeals of his conviction or post-conviction proceedings to overturn his conviction.[1]

Plaintiff's argument in this § 1983 lawsuit that he was wrongly arrested would necessarily imply the invalidity of the crime for which he has pled guilty.   As such, *Heck* bars plaintiff's Fourth Amendment claims that he was wrongfully arrested by Detective Beard.   In addition, plaintiff's allegations that he was arrested because he was black are wholly conclusory and fail to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.   [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

---

1 In an unrelated charge, on January 9, 2020, plaintiff pled guilty to one count of possession of a controlled substance except 35 grams or less of marijuana and one count of unlawful possession of drug paraphernalia arising out of an incident on January 16, 2019. *See State v. Page*, No. 19BB-CR00046-01 (12th Jud. Cir. Jan. 9, 2020).   He was sentenced to a fine and a long-term substance abuse program. *Id.*

[2] After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10.   28 U.S.C. § 1915(b)(2).

—

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B) and pursuant to the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is

**DENIED as moot**.   [ECF No. 8]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this _____ day of August, 2020.

_____

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE